UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 100REPORTERS LLC<br>910 17th Street, NW<br>Suite 217<br>Washington, DC 20006;<br><br>       **Plaintiff,**<br><br>v.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>       **Defendant.** | Civil Action No. 14-1264<br><br><br><br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

## PRELIMINARY STATEMENT

1. Plaintiff 100Reporters LLC ("100Reporters") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking an order requiring the United States Department of Justice ("Department" or "DOJ") to release agency records that 100Reporters requested on July 23, 2013 pursuant to a FOIA Request ("the Request") and which have been unlawfully withheld.

2. The records sought by Plaintiff relate to the compliance monitoring program established by the multinational corporation Siemens Aktiengesellschaft ("Siemens AG") in connection with plea agreements in 2008 by Siemens AG and three of its subsidiaries for violations of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. §§ 78dd-1 *et seq.* and related conspiracies.

3. DOJ has not released any records in response to the Request. Instead, DOJ issued a blanket denial and has otherwise failed to meet its obligations under FOIA. In its

1

response to the Request and Plaintiff's administrative appeal of that response, DOJ asserted, without elaboration, that FOIA Exemption 7(A) supports the Department's blanket denial of the Request.

4.	Plaintiff has exhausted its administrative remedies.

5.	Plaintiff now respectfully requests that the Court order the immediate disclosure of all responsive records that DOJ has withheld unlawfully.

## JURISDICTION AND VENUE

6.	This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 5 U.S.C. §§ 701–06, and 28 U.S.C. § 1331.

7.	Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

8.	Plaintiff 100Reporters is a not-for-profit news media organization exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.  It is organized under the laws of the District of Columbia and has its principal place of business at 910 17th Street, NW, Suite 215, Washington, DC 20006.  Plaintiff's mission is to educate the public by undertaking and supporting in-depth investigative reporting and journalism focusing on foreign and domestic corruption and wrongdoing in the public and private sectors.

9.	Defendant United States Department of Justice is an agency of the United States Government, within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered at United States Department of Justice, 950 Pennsylvania Ave., NW, Washington, D.C. 20530-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## FACTS

### I. THE SIEMENS FCPA PROSECUTIONS

10. On December 15, 2008, Siemens AG and three of its subsidiaries in Argentina, Bangladesh, and Venezuela (all four collectively referred to hereinafter as "Siemens") pled guilty to violations of the FCPA or related conspiracies in four separate criminal proceedings filed in this Court (collectively referred to hereinafter as "the Siemens Prosecutions"): *United States v. Siemens Aktiengesellschaft*, No. 08-CR-367; *United States v. Siemens S.A. (Argentina)*, No. 08-CR-368; *United States v. Siemens Bangladesh Ltd.*, No. 08-CR-369; and *United States v. Siemens S.A. (Venezuela)*, No. 08-CR-370.

11. In these prosecutions, Siemens AG and its subsidiaries were charged and pled guilty as follows:

   a. Siemens AG was charged with, and pled guilty to, violations of the FCPA's provisions regarding internal accounting controls and falsification of books and records. These charges were based on Siemens AG's systematic failure to implement or enforce internal controls, as well as a series of improper payments made to Iraqi officials involved in the United Nations Oil for Food Program;

   b. Siemens S.A. (Argentina) was charged with, and pled guilty to, conspiracy to violate the FCPA's books and records provisions, in connection with a scheme carried out from 2001 to 2007 to secure a US$1 billion contract to overhaul Argentina's national identity card program.

   c. Siemens Bangladesh Ltd. was charged with, and pled guilty to, conspiracy to violate the FCPA's anti-bribery and books and records provisions, in connection with a

scheme carried out from 2001 to 2006 to secure a US$40 million dollar government telecommunications contract.

        d.    Siemens S.A. (Venezuela) was charged with, and pled guilty to, conspiracy to violate the FCPA's anti-bribery and books and records provisions, in connection with a scheme carried out from 2000 to 2007 to obtain a US$240 million contract to build rail systems in the Venezuelan cities of Maracaibo and Valencia.

## II.   THE SIEMENS MONITORING PROGRAM

12.   As part of its criminal plea, Siemens AG entered into a compliance agreement requiring it to implement an effective companywide system of corporate governance and compliance with applicable laws and regulations, and to engage Dr. Theodore Waigel, a former German Finance Minister, as an independent monitor for a period of up to four years.

13.   At a press conference on December 15, 2008, the DOJ Criminal Division's Acting Assistant Attorney General ("AAG") Matthew Friedrich publicly announced the plea agreements. According to DOJ's transcript of that press conference (*see* Ex. A, attached hereto), AAG Friedrich stated that "Siemens engaged in a systematic and widespread effort to make and to hide hundreds of millions of dollars in bribe payments across the globe." (*Id*. at 1.) When asked by a reporter why DOJ did not require Siemens to plead guilty to direct charges of bribery, AAG Friedrich responded that the Department exercised its prosecutorial discretion by considering Siemens' "significant remediation and cooperation by the company," including the company's decision to appoint Mr. Waigel as monitor. (*Id*. at 6.) AAG Friedrich explained that Mr. Waigel was a "well-regarded" individual whom DOJ officials thought to be "perfectly well-suited" to serve as monitor, and that "[t]he fact of who [Siemens] brought in as [its] monitor" reflected the company's commitment to "very, very significant reforms." (*Id*.)

14. In his capacity as Monitor, Mr. Waigel was responsible for

> evaluat[ing] . . . the effectiveness of the internal controls, record-keeping and financial reporting policies and procedures of Siemens as they relate to Siemens' current and ongoing compliance with the books and records, internal accounting controls and anti-bribery provisions of the FCPA and other applicable anti-corruption laws (collectively, the "anti-corruption laws") and tak[ing] such reasonable steps as, in his . . . view, may be necessary to fulfill the foregoing mandate (the "Mandate").

(*See* Ex. B, attached hereto (Statement of Offense, Attachment 2 ¶ 1, *United States v. Siemens Aktiengesellschaft*, No. 08-CR-367 (D.D.C. Dec. 15, 2008) (Dkt. No. 15)).)

15. On December 18, 2012, DOJ filed a "Notice Regarding Corporate Monitorship" (hereinafter, "Monitorship Notice") with the Court in the Siemens AG criminal proceedings. (*See* Ex. C, attached hereto (Notice Regarding Corporate Monitorship, *United States v. Siemens Aktiengesellschaft*, No. 08-CR-367 (D.D.C. Dec. 18, 2012) (Dkt. No. 23)).)

16. The Monitorship Notice stated that Siemens AG had satisfied its obligations under the plea agreement with respect to the corporate monitorship. (*See* Ex. C at 1.)

17. According to the Monitorship Notice (*see* Ex. C at 3-4 ¶¶ 7-8), in the course of Mr. Waigel's duties, he:

    a. conducted reviews of Siemens's anti-corruption compliance program and documented his findings and recommendations in four annual reports dated October 5, 2009, October 13, 2010, October 7, 2011, and October 12, 2012;

    b. conducted on-site or remote reviews of Siemens' activities in 20 countries;

    c. conducted limited or issue-specific reviews in or relating to an additional 19 countries;

    d. reviewed over 51,000 documents totaling more than 973,000 pages in 11 languages;

  e. conducted interviews of or meetings with over 2,300 Siemens employees;

  f. observed over 180 regularly scheduled company events;

  g. spent the equivalent of over 3,000 auditor days conducting financial studies and testing; and

  h. made a total of 152 recommendations to improve Siemens' program for ensuring compliance with anti-corruption laws, all of which Siemens adopted and implemented without objection.

### III. PLAINTIFF'S FOIA REQUEST

18. By letter dated July 23, 2013 (*see* Ex. D, attached hereto), investigative journalist Marjorie Valbrun of 100Reporters submitted the Request to the DOJ Criminal Division on behalf of herself and Plaintiff.

19. The Request sought records relating to the plea agreements in the Siemens Prosecutions, including internal DOJ records related to the sentencing memoranda and various documents related to Mr. Waigel's evaluation of Siemens' compliance with the FCPA and other anti-corruption laws. (*See* Ex. D at 1.)

20. By letter dated August 9, 2013 (*see* Ex. E, attached hereto), DOJ acknowledged receipt of Plaintiff's Request, assigned it file number CRM-201300626F, and stated that the Criminal Division would take an extension of time to respond to the Request. DOJ justified the extension of time on the grounds that the Request presented "unusual circumstances," within the meaning of 5 U.S.C. § 552(a)(6)(B)(i)-(iii), because the Request required the search of another section of the Criminal Division. 100Reporters did not object to the extension.

21. By letter dated January 6, 2014 (*see* Ex. F, attached hereto), DOJ denied Plaintiff's Request on the grounds that the requested information was exempt from disclosure

pursuant to FOIA Exemption 7(A), codified at 5 U.S.C. § 552(b)(7)(A).  No further explanation was provided for this blanket denial, notwithstanding that, *inter alia*, blanket denials are disfavored under Exemption 7, *see, e.g.*, *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 259 (D.C. Cir. 1982); DOJ was required to set forth the basis for its denial in a manner that would permit a court to determine whether Exemption 7(A) properly applies, *see, e.g.*, *id.* at 265; and DOJ was required to release all reasonably segregable material and provide a detailed justification for withholding any supposedly non-segregable material, *see, e.g.*, *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002).

22. By letter dated February 20, 2014 (*see* Ex. G, attached hereto), Plaintiff, by and through counsel, administratively appealed the initial denial of the Request.  This letter narrowed the original Request's scope to six categories of documents, and provided legal authority for their disclosure:

1. Copies of Corporate Compliance Statements that Siemens has filed with the DOJ under the terms of the compliance agreement outlined in the 2008 "Statement of Offense" (the "Compliance Agreement") filed in the U.S. District Court for the District of Columbia (*United States of America v. Siemens Aktiengesellschaft*, No. 1:08-cr-00367-RJL (D.D.C. 2008));

2. Any and all documents related to the DOJ Monitor's evaluation of the effectiveness of the internal controls, record-keeping and financial reporting policies and procedures of Siemens, under the Compliance Agreement, as they relate to Siemens' current and ongoing compliance with the books and records, internal accounting controls and anti-bribery provisions of the FCPA and other applicable anti-corruption laws;

3. Any and all documents and related steps the DOJ Monitor has taken to confirm compliance by Siemens;

4. Any and all information, records, facilities and/or employees requested by the DOJ Monitor that fall within

7

    the scope of the "Mandate of the Monitor" under the Compliance Agreement;

5. Any and all initial and follow-up reviews of Siemens conducted by the DOJ Monitor under the Compliance Agreement, written reports about the reviews, and compliance work plans prepared by the DOJ Monitor, in consultation with Siemens AG and the DOJ, and submitted to the DOJ for comment; and,

6. Any and all disclosures by Siemens to the DOJ Monitor concerning corrupt payments and related books, records, and internal controls.

(Ex. G at 2.)

23. By letter dated April 22, 2014 (*see* Ex. H, attached hereto), DOJ affirmed the denial of Plaintiff's Request and reasserted the Criminal Division's position that DOJ "properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A)." Again, DOJ did not provide any further explanation for its refusal to release any documents.

24. Plaintiff now seeks an order requiring Defendant to release all requested records that have been unlawfully withheld.

## CAUSE OF ACTION

**Violation of FOIA for Failure to Release Records Sought through the Request**

25. Plaintiff incorporates by reference and re-alleges Paragraphs 1–24.

26. Defendant's failure to release records sought through the Request violates FOIA, 5 U.S.C. § 552(a).

27. Plaintiff has exhausted any and all necessary administrative remedies.

28. Plaintiff has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by Defendant of said right.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

    a)    ORDER Defendant to disclose the records requested;

    b)    EXPEDITE this proceeding as provided for in 28 U.S.C. § 1657;

    c)    SET a schedule for producing requested records to Plaintiff;

    d)    AWARD Plaintiff its costs and reasonable attorney's fees incurred in this action; and

    e)    GRANT such other relief as the Court may deem just and proper.

Dated: July 24, 2014.

    Respectfully submitted,

/s/ Murad Hussain
Theodore Frank (D.C. Bar No. 23903)
Murad Hussain (D.C. Bar No. 999278)
Amy Endicott (D.C. Bar No. 1011007)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004
Tel: (202) 942-5000
Fax: (202) 942-5999
Theodore.Frank@aporter.com
Murad.Hussain@aporter.com
Amy.Endicott@aporter.com