UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 100 REPORTERS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1264 RC |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, United States Department of Justice ("Defendant" or "DOJ"), by and through its counsel, the United States Attorney's Office for the District of Columbia, hereby answers the Complaint of 100 Reporters LLC ("Plaintiff") as follows:

DOJ does not assume any burden of proof or persuasion that applicable substantive law places on another party.

## PRELIMINARY STATEMENT

1.      This paragraph describes Plaintiff's cause of action that requires no response. To the extent that a response is necessary, Defendant denies the allegations in Paragraph 1.

**2.**     Defendant admits the general description of the scope of Plaintiff's FOIA request stated in Paragraph 2.

**3.**     Defendant admits that it has not released any records in response to Plaintiff's FOIA request.  DOJ's response to Plaintiff's FOIA request and administrative appeal speaks for

1

itself. To the extent that this paragraph mischaracterizes DOJ's response, the agency denies the allegations. Except for foregoing admission, DOJ denies the remaining allegations.

4. DOJ admits that Plaintiff has exhausted its administrative remedies.

5. This paragraph describes Plaintiff's request for relief that requires no response. DOJ denies the remaining allegations.

## JURISDICTION AND VENUE

6. This paragraph contains Plaintiff's allegation concerning jurisdiction, which is a legal conclusion that requires no response.

7. This paragraph contains Plaintiff's allegation concerning venue, which is a legal conclusion that requires no response.

## PARTIES

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies the allegations.

9. Defendant admits Plaintiff's allegations that DOJ is a federal agency and headquartered in Washington, DC. Defendant admits that it has possession, custody or control over certain documents to which Plaintiff seeks access. Defendant, however, denies that it is in possession, custody or control of all responsive records required for fulfilling Plaintiff's request.

## FACTS

10. The allegations in Paragraph 10 characterize the criminal proceedings in United States v. Siemens Aktiengesellschaft, No. 08-CR-367; United States v. Siemens S.A. (Argentina), No. 08-CR-368; United States v. Siemens Bangladesh Ltd., No. 08-CR-369; and United States v. Siemens S.A. (Venezuela), No. 08-CR-370 (collectively "Siemens

proceedings"), filed in this Court. Those proceedings speak for themselves. To the extent that the allegations mischaracterize those criminal proceedings, DOJ denies the allegations.

11. The allegations in Paragraph 11(a) to 11(d) describe the criminal charges and proceedings filed in the "Siemens proceedings." Those proceedings speak for themselves. To the extent that the allegations mischaracterize those criminal proceedings, DOJ denies the allegations.

12. The allegations in Paragraph 12 describe the proceedings filed in the "Siemens proceedings." Those proceedings speak for themselves. To the extent that the allegations mischaracterize those proceedings, DOJ denies the allegations.

13. The allegations in Paragraph 13 characterize the transcription of a press conference (attached as Pl. Ex. A). The transcript of the press conference speaks for itself. To the extent that the allegations mischaracterize the transcript of the press conference, DOJ denies the allegations.

14. The allegations in Paragraph 14 characterize a document attached as Plaintiff's Exhibit B – with the title "Attachment 2 Corporate Compliance Monitor." The document speaks for itself. To the extent that the allegations mischaracterize the document, DOJ denies the allegations. DOJ further denies that Plaintiff's Exhibit B is a complete document.

15. The allegations in Paragraph 15 characterize the "Notice Regarding Corporate Monitorship." The document speaks for itself. To the extent that the allegations mischaracterize the document, DOJ denies the allegations.

16. The allegations in Paragraph 16 characterize the "Notice Regarding Corporate Monitorship." The document speaks for itself. To the extent that the allegations mischaracterize the document, DOJ denies the allegations.

17. The allegations in Paragraph 17(a) to 17(h) summarize and characterize the "Notice Regarding Corporate Monitorship." The document speaks for itself. To the extent that the allegations mischaracterize the document, DOJ denies the allegations.

18. The allegations in Paragraph 18 characterize a letter dated July 23, 2013. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, DOJ denies the allegations.

19. The allegations in Paragraph 19 summarize and characterize a letter dated July 23, 2013. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, DOJ denies the allegations.

20. The allegations in Paragraph 20 characterize a letter dated August 9, 2013. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, DOJ denies the allegations.

21. The allegations in Paragraph 21 characterize a letter dated January 6, 2014. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, DOJ denies the allegations. The allegations in this Paragraph also characterize and construe various judicial opinions relating to various exemptions under the FOIA. Those judicial decisions speak for themselves. To the extent that the allegations misconstrue those judicial opinions, DOJ denies the allegations.

22. The allegations in Paragraph 22 characterize a letter dated February 20, 2014. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, DOJ denies the allegations.

23. The allegations in Paragraph 23 characterize a letter dated April 22, 2014. The letter speaks for itself. To the extent that the allegations mischaracterize the letter, Defendant denies the allegations.

24. This paragraph describes Plaintiff's request for relief that requires no response. DOJ denies the remaining allegations.

## CAUSE OF ACTION

25. DOJ incorporates its responses and denials to Paragraphs 1 through 24 herein.

26. DOJ denies the allegations in this Paragraph.

27. DOJ admits the allegations in this Paragraph.

28. Defendant admits that Plaintiff has the right to seek information under FOIA. Defendant denies the remaining allegations in this Paragraph.

## REQUESTED RELIEF

The "Wherefore" clause contains Plaintiff's prayer for relief; it requires no response. To the extent the Court requires a response, Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs "a" through "e" of the "Wherefore" clause, or any other relief for the claims alleged in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff seeks release of documents that are exempt from disclosure under the FOIA: Exemption (b)(4) (trade secrets and confidential commercial and financial information), Exemption (b)(5) (deliberative process privilege and attorney work product doctrine), Exemption (b)(6) and (b)(7)(C) (personal privacy), Exemption (b) (7)(A) (law enforcement records whose disclosure could interfere with enforcement proceedings), and Exemption (b)(7)(D) (law enforcement records whose disclosure could reveal identity of confidential source).  See 5 U.S.C. §§ 552(b)(4), (b)(5), (b)(6), (b)(7)(A) & (b)(7)(D).

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

Dated: October 14, 2014.                    Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By:       _____//s//_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
E-mail: John.Truong@usdoj.gov
Counsel for Defendant