## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

100REPORTERS LLC,

                     Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

                     Defendant,

         and

SIEMENS AKTIENGESELLSCHAFT,

                     Proposed Defendant-
                     Intervenor.

Civil Action No. 14-1264 (RC)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF SIEMENS' MOTION TO INTERVENE

Siemens Aktiengesellschaft ("Siemens"), by and through undersigned counsel, hereby

submits this Memorandum of Points and Authorities in Support of Siemens' Motion to Intervene

pursuant to Rule 24(a)(2) and Rule 24(b) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

In this action, 100Reporters LLC ("Plaintiff" or "100Reporters") seeks to compel the

United States Department of Justice (the "DOJ") to produce six broad categories of information

in response to its Freedom of Information Act ("FOIA") requests.  The requested information

contains highly confidential and commercially-sensitive material relating to Siemens' financial

controls, compliance policies and procedures, and business operations.  This information was

submitted to the DOJ in connection with a corporate monitorship required as part of a plea

agreement to evaluate the effectiveness of Siemens' internal controls and compliance policies.

Siemens now seeks to intervene in this action to protect its proprietary and confidential information from public disclosure.

Courts within this District routinely allow parties to intervene in FOIA disputes to protect their own confidential information, and Siemens easily satisfies the requirements to intervene as a matter of right in this action. As an initial matter, its application is timely, coming fast on the heels of the DOJ's responsive pleading, within weeks of being apprised of the existence of the action, and long before the litigation has substantively progressed. In addition, Siemens has a strong interest in protecting from disclosure the information Plaintiff seeks, the dissemination of which would likely cause substantial competitive harm to Siemens. Finally, no party to this litigation has the incentives or information sufficient to adequately represent Siemens' interests.

Permissive intervention is also appropriate here. Siemens' defense that this Court should not require the DOJ to disclose Siemens' confidential and commercially-sensitive information shares common questions of law and fact with Plaintiff's claims, and intervention at this early stage in the litigation will not unduly delay or prejudice either the DOJ's or Plaintiff's rights.

## STATEMENT OF FACTS

### A.      The Siemens Monitorship

In December 2008, Siemens entered into a plea agreement with the DOJ and a consent decree with the United States Securities and Exchange Commission (the "SEC") to resolve criminal and civil allegations that Siemens committed certain violations of the Foreign Corrupt Practices Act (the "FCPA"). (*See* "Notice Regarding Corporate Monitorship," *United States v. Siemens Aktiengesellschaft*, Crim. No. 08-367 (RJL) (D.D.C. Dec. 18, 2012) (Dkt. No. 23) (attached as Exhibit C to Plaintiff's Complaint) ¶¶ 1-4.) As required by those agreements, Siemens engaged an independent corporate monitor, Dr. Theodor Waigel (the "Monitor"). (*See,*

*e.g.*, "Plea Agreement," *United States v. Siemens Aktiengesellschaft*, Crim. No. 08-367 (RJL)

(D.D.C. Dec. 15, 2008) (Dkt. No. 14) ¶ 12; "Consent," *SEC v. Siemens Aktiengesellschaft*, 1:08-

cv-02167 (RJL) (D.D.C. Dec. 12, 2008) (Dkt. No. 1-3) ¶ 3.)  The DOJ required that the Monitor

evaluate:

> the effectiveness of the internal controls, record-keeping and financial reporting
> policies and procedures of Siemens as they relate to Siemens' current and ongoing
> compliance with . . . provisions of the FCPA and other applicable anti-corruption
> laws . . . and take such reasonable steps as, in his or her view, may be necessary to
> fulfill the foregoing mandate.

("Statement of Offense," Attachment 2, *United States v. Siemens Aktiengesellschaft*, Crim. No.

08-367 (RJL) (D.D.C. Dec. 15, 2008) (Dk. No. 15) ¶ 1.)

      To enable the Monitor to fulfill his mandate, the DOJ required that Siemens provide the

Monitor with sweeping access to its most confidential and commercially-sensitive information,

documents, and records.  (*See id.* ¶ 2.)  Indeed, the DOJ expressly authorized Siemens to share

privileged information with the Monitor subject to a non-waiver arrangement.  (*See id.*)

Similarly, Siemens was obligated to ensure that the Monitor could inspect all relevant documents,

conduct on-site observations of Siemens' internal controls and internal audit procedures, meet

with and interview employees, officers, and directors, and analyze and test Siemens' compliance

programs and controls.  (*Id.* ¶ 7.)  Although the Plea Agreement contemplated a four-year term

for the monitorship, it provided that the term could be shortened or lengthened at the discretion

of the DOJ.  (*Id.* ¶ 6.)

      After four years, the DOJ authorized the termination of the monitorship, concluding that

Siemens had "satisfied its obligations under the plea agreement with respect to the corporate

compliance monitorship."  (Notice Regarding Corporate Monitorship ¶ 11.)  Specifically, the

DOJ determined that Siemens had granted the Monitor broad access to its documents, projects, and employees:

> Over the course of those four years, the Monitor conducted on-site or remote reviews of Siemens' activities in 20 countries; conducted limited or issue-specific reviews in or relating to an additional 19 countries; reviewed over 51,000 documents . . . ; conducted interviews of or meetings with 2,300 Siemens employees; observed over 180 regularly scheduled company events; and spent the equivalent of over 3,000 auditor days conducting financial studies and testing.

(*Id.* ¶ 7.)  The Monitor incorporated this proprietary and confidential information into, among other things, four annual reports that the Monitor submitted to the DOJ that described this information, and contained detailed findings and recommendations relating to a number of topics, including third-party risks, financial controls, and compliance policies and programs.  (*Id.* ¶¶ 7-9.)

### B.    Plaintiff's FOIA Requests

As alleged in the Complaint, Plaintiff submitted a FOIA request to the DOJ in July 2013 seeking, among other things, all records relating to the Siemens monitorship.  (Compl. ¶ 18; Ex. D.)  The DOJ denied that request on the grounds that the information Plaintiff sought was exempt from disclosure and later affirmed that denial on administrative appeal.  (Compl. ¶¶ 21-23; Exs. F, H.)  The DOJ did not notify Siemens of Plaintiff's FOIA request during the pendency of proceedings before the agency.

On July 24, 2014, Plaintiff commenced this action against the DOJ seeking to compel the production of six broad categories of information relating to the monitorship, including the four annual reports the Monitor submitted to the DOJ.  (Compl. ¶ 22.)  Siemens became aware of this action on October 1, 2014, and now seeks to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure to protect its confidential and proprietary information from disclosure, which would cause substantial competitive harm to Siemens.

## ARGUMENT

"The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when *all* parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972) (emphasis added). There is no doubt that Siemens has a "real stake" in this controversy, which centers on the requested disclosure of documents replete with Siemens' confidential and proprietary information, including information about ongoing and potential Siemens projects.

For that reason, courts in this District routinely permit parties to intervene in similar FOIA actions where the disclosure of their confidential information is at stake. *See, e.g.*, *Pub. Citizen v. U.S. Dep't of Health and Human Servs.*, 975 F. Supp. 2d 81, 88, 91 (D.D.C. 2013) (noting that the court allowed companies to intervene in FOIA action that sought release of annual reports that the companies submitted pursuant to settlement agreements with the government); *Appleton v. Food and Drug Admin.*, 310 F. Supp. 2d 194, 196-97 (D.D.C. 2004) (permitting drug manufacturers to intervene as a matter of right in FOIA action to protect against the disclosure of trade secrets and confidential information contained in reviews of new drug applications).

Accordingly, Siemens respectfully submits that it should be permitted to intervene as a matter of right pursuant to Rule 24(a)(2). In the alternative, Siemens requests that this Court allow it to intervene permissively pursuant to Rule 24(b).

## I.   SIEMENS IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a)

Under Federal Rule of Civil Procedure 24(a), a court must permit an applicant to intervene where (1) the application to intervene is timely; (2) the applicant "claims an interest

relating to the property or transaction that is the subject of the action"; (3) the applicant "is so situated that disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect its interest"; and (4) existing parties do not adequately represent the applicant's interest.  Fed. R. Civ. P. 24(a)(2); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998).  A party seeking to intervene as a matter of right must also demonstrate standing.  *Mova Pharm. Corp.*, 140 F.3d at 1074.  Siemens easily satisfies these requirements here.

A.      **Siemens' Application Is Timely**

Siemens' application to intervene as a matter of right is timely.  Courts uniformly hold that intervention applications are timely where a party seeks to intervene soon after the case has begun and before substantive progress in the case has been made.  *See, e.g.*, *Navistar, Inc. v. Jackson*, 840 F. Supp. 2d 357, 361 (D.D.C. 2012) (finding an intervention application timely where party filed the motion "less than two weeks after Defendants filed their responsive pleadings, and before any discovery or substantive progress had been made in the case"); *Appleton*, 310 F. Supp. 2d at 197 (finding an intervention application timely where it was made within two months of the agency's notification of pending suit to intervenor).  Here, Siemens has moved to intervene within weeks of becoming aware of the pendency of this action and within days of the DOJ filing its responsive pleading.  Accordingly, Siemens' motion is timely.

B.      **Siemens Has a Strong Interest in this Action**

Siemens has a strong and direct interest in this action because Plaintiff seeks release of material containing Siemens' confidential and proprietary information, including sensitive commercial information about its compliance programs, business operations, and internal controls.  Courts permit parties to intervene in FOIA actions to vindicate their interests in

preventing the disclosure of commercially-sensitive and confidential information.  *See Appleton*,

310 F. Supp. 2d at 197 (determining that companies whose new drug applications to the FDA

allegedly contained trade secrets and confidential information had an interest in FOIA action

requesting FDA reviews of those applications); *see also Pub. Citizen*, 975 F. Supp. 2d at 88, 91-

92 (allowing companies to intervene to protect against disclosure of annual reports submitted to

the government pursuant to settlement agreements that included reviews conducted by

independent review organizations of the companies' compliance programs).

> **C.     Disclosure of Siemens' Confidential and Proprietary Information Would
> Impair Siemens' Ability to Protect Its Interests**

There can be little dispute that disclosure of Siemens' confidential and proprietary

information would impair Siemens' ability to protect its interests.  *See, e.g., Appleton*, 310 F.

Supp. 2d at 197 ("[D]isclosures resulting from the disposition of this action could impair the

applicants' ability to protect their trade secrets or confidential information.").

Among the materials sought by Plaintiff are annual reports that reflect and incorporate

the Monitor's review of, among other things, Siemens' financial controls and business operations.

These reports contain critically sensitive information, including Siemens' valuations and

projected profits for actual and potential projects, and information about Siemens' competitive

bidding procedures.  The disclosure of the information Plaintiff seeks would result in significant

harm to Siemens.  *See Pub. Citizen*, 975 F. Supp. 2d at 116-17 (finding that disclosure of

materials containing an "extensive, probing" review of "confidential business systems and

policies," as well as a company's "internal structure and operations" would result in competitive

harm to the company whose information was disclosed).

Moreover, the Monitor's reports catalog and describe in detail all aspects of Siemens'

robust compliance program.  Public disclosure of those details may very well impair Siemens'

ability to detect and prevent compliance issues.  Simply put, unless this Court permits Siemens to intervene, the disposition of this matter could, as a practical matter, impair or impede Siemens' interests.

### D.    Siemens' Interests Are Not Adequately Represented by the Existing Parties

Siemens satisfies the final requirement for intervention as a matter of right because none of the existing parties has the same incentive as Siemens to protect its confidential and commercially-sensitive information from disclosure.

To satisfy its "'minimal'" burden under this prong of Rule 24(a), Siemens need only demonstrate "'that representation of [its] interest may be inadequate.'"  *Fund for Animals*, 322 F.3d at 735 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).  Though government entities may share a general interest in shielding information from disclosure, courts in this Circuit have "concluded that governmental entities do not adequately represent the interests of . . . intervenors," notwithstanding a partial congruence of interests. *Id.* at 735-36. This is so for good reason.  The interest of intervenors like Siemens here is to protect their confidential and commercially-sensitive information, whereas the agency's "interest lies in responding appropriately to plaintiff's request."  *Appleton*, 310 F. Supp. 2d at 197.  Moreover, it is Siemens, not the government, that is best positioned to explain, among other things, why disclosure of the information at issue would cause competitive harm to Siemens and thus should be withheld under FOIA.  *See Newry Ltd. v. U.S. Customs and Border Prot. Bureau*, No. Civ. 04-2110, 2005 WL 3273975, at *3-4 (D.D.C. July 29, 2005) ("Courts have repeatedly rejected competitive harm claims [under Exemption 4 of FOIA] when they are advanced solely by the defendant agencies.").

### E.       Siemens Has Standing

To establish standing, a prospective intervenor must establish injury, causation, and redressability.  *See Safari Club Int'l v. Salazar*, 281 F.R.D. 32, 37-38 (D.D.C. 2012); *see also Fund for Animals*, 322 F.3d at 732-33.  "In most cases, the standing inquiry will fold into the underlying inquiry under Rule 24(a): generally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*."  *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010).

Here, the disclosure of Siemens' confidential and commercially-sensitive information will result in competitive injury, and a favorable ruling from this Court will prevent that harm. Nothing more is required to demonstrate Siemens' standing.  *See Appleton*, 310 F. Supp. 2d at 197 ("As for standing, the applicants have shown that FDA's disclosure of their trade secrets or confidential information would cause them to suffer an injury-in-fact that intervention to defend against disclosure could redress.").

## II.      IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT SIEMENS TO INTERVENE UNDER RULE 24(b)

In the event that this Court determines that Siemens does not have a right to intervene under Rule 24(a), Siemens requests that the Court permit it to intervene pursuant to Rule 24(b). Rule 24(b) allows the Court considerable discretion to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  In resolving a motion for permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Here, Siemens' arguments that the Court should not require disclosure of Siemens' confidential and commercially-sensitive information share common questions of law

and fact with Plaintiff's claims, and intervention at this early stage of the litigation will cause no undue delay or prejudice.

## CONCLUSION

For the foregoing reasons, Siemens respectfully requests that the Court grant its motion to intervene in this action.

Dated:   Washington, DC
         October 20, 2014

DAVIS POLK & WARDWELL LLP

By:     /s Raul F. Yanes
        _____
        Raul F. Yanes

Raul F. Yanes (D.C. Bar No. 990221)
901 15th Street, N.W.
Washington, DC  20005
Telephone: (202) 962-7000
E-mail: raul.yanes@davispolk.com

Paul Spagnoletti
Michael Scheinkman
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-4000
E-mail: paul.spagnoletti@davispolk.com
E-mail: michael.scheinkman@davispolk.com

*Attorneys for Proposed Defendant-Intervenor
Siemens Aktiengesellschaft*